■ In the Matter of Tyshawn M., a Person Alleged to be a Juvenile Delinquent, Appellant. [64 NYS3d 545]—

Orders, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about July 25, 2016, which adjudicated appellant a juvenile delinquent upon fact-finding determinations that he committed acts, that, if committed by an adult, would constitute the crimes of assault in the second and third degrees, criminal possession of a weapon in the fourth degree, robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, attempted assault in the third degree and menacing in the third degree, and upon his admission that he committed an act that, if committed by an adult, would constitute the crime of attempted robbery in the second degree, and placed him with the Administration for Children's Services' Close to Home program, for a period of 12 months, with a 6-month minimum, unanimously affirmed, without costs.

The court properly denied appellant's suppression motion. During the course of a brief common-law inquiry that was clearly supported by a founded suspicion of criminality, a robbery victim was brought to the scene, where he identified appellant. In any event, even if the encounter could be viewed as a detention requiring reasonable suspicion, that requirement was also satisfied, because the totality of the information possessed by the police supported an inference that appellant and his companions were members of a group that had just committed a robbery nearby (*see e.g. People v Williams*, 146 AD3d 410, 411 [1st Dept 2017], *lv denied* 29 NY3d 954 [2017]).

Appellant did not preserve his claim that the showup was unduly suggestive, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see People v Gatling*, 38 AD3d 239, 240 [1st Dept 2007], *lv denied* 9 NY3d 865 [2007]).

Appellant's challenge to the court's dispositional order is moot because he has already completed his placement (*see Matter of Yuan Tung C.*, 296 AD2d 323, 323 [1st Dept 2002]). In any event, the disposition was a provident exercise of discretion. Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.